**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4305**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CHRISTOPHER ALLEN BRYANT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:13-cr-00294-JAB-1)

Submitted: December 16, 2014          Decided: December 18, 2014

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Allen Bryant appeals his conviction and thirty-seven-month sentence imposed following his guilty plea to possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012). Bryant's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. The Government has declined to file a response. Bryant has filed a supplemental and amended supplemental pro se brief, raising several challenges to his Guidelines calculations and questioning counsel's effectiveness.

In accordance with Anders, we have reviewed the record in this case, as well as Bryant's pro se pleadings, and have found no meritorious issues for appeal. Before accepting Bryant's guilty plea, the district court conducted a thorough plea colloquy, satisfying the requirements of Fed. R. Crim. P. 11 and ensuring that Bryant's plea was knowing, voluntary, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The court complied with all procedural requirements in sentencing Bryant. See Gall v. United States, 552 U.S. 38, 51 (2007). Bryant does not rebut our appellate presumption that his within-Guidelines sentence is substantively reasonable. See United States v.

2

Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

To the extent Bryant seeks to raise claims of ineffective assistance of counsel, we decline to reach such claims. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude these claims should be raised, if at all, in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit adequate development of the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Accordingly, we affirm Bryant's conviction and sentence. This court requires that counsel inform Bryant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bryant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bryant.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before this court and argument would not aid the decisional process.

AFFIRMED